IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MANUEL HERNANDEZ,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **STANDARD REFRIGERATION COMPANY INC., AUTORAD, INC., AUTORAD, INC. GROUP SHORT TERM DISABILITY INSURANCE PLAN, CENTRAL STATES JOINT BOARD, METAL PROCESSORS UNION LOCAL 16, MIDWEST PENSION FUND, and CENTRAL STATES JOINT BOARD HEALTH AND WELFARE TRUST FUND,** <br><br> **Defendants.** | ) | JUDGE RONALD GUZMAN <br> No. 03C 3663 <br> MAGISTRATE JUDGE BOBRICK <br><br> **Trial by Jury Demanded** |

FILED-ED5 03 MAY 29 AM 2:27 CLERK U.S. DISTRICT COURT

DOCKETED MAY 3 0 2003

**COMPLAINT**

Plaintiff, Manuel Hernandez, by his attorneys, Avery Camerlingo Kill, LLC, by Annemarie E. Kill, and by way of complaint against Defendants, Standard Refrigeration Company Inc., Autorad, Inc., Autorad, Inc. Group Short Term Disability Insurance Plan, Central States Joint Board, Metal Processors Union Local 16, Midwest Pension Fund, and Central States Joint Board Health and Welfare Trust Fund, states as follows:

**PARTIES**

1. Plaintiff, Manuel Hernandez (hereinafter "Hernandez"), is a sixty-six (66) year old male resident of Cook County, Illinois. Plaintiff brings this action pursuant to the provisions of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12101 *et. seq*. the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §621 *et. seq*., the Employee Retirement Income Security Act (hereinafter "ERISA") and Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA"), 29 U.S.C. §1002 *et. seq*. and the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C.

§2601 *et. seq.* for damages to compensate Plaintiff for the economic loss and other damages caused by Defendants' unlawful employment practices.

2. Defendants, Standard Refrigeration Company Inc. and Autorad Inc. (hereinafter collectively "Autorad"), are employers and fiduciaries under the aforementioned acts. Both Defendants operated out of the same facility located at 2050 North Ruby, Melrose Park, Illinois at all times relevant herein. At all relevant times, the employer used both names interchangeably.

3. Defendant, Autorad, Inc. Group Short Term Disability Insurance Plan (hereinafter "Short Term Disability Plan"), is an employee benefit welfare plan and a fiduciary under ERISA. The Short Term Disability Plan's principal place of business is 2050 North Ruby, Melrose Park, Illinois.

4. Defendant, Central States Joint Board (hereinafter "CSJB"), is a labor organization and fiduciary under the aforementioned acts. Defendant operated out of the facility located at 1950 West Erie, Chicago, Illinois at all times relevant herein.

5. Defendant, Metal Processors Union Local 16 (hereinafter "Local 16"), is a labor organization and fiduciary under the aforementioned acts. Defendant operated out of the facility located at 1950 West Erie, Chicago, Illinois at all times relevant herein.

6. Defendant, Midwest Pension Fund, is an employee pension benefit plan and a fiduciary under ERISA. The Midwest Pension Fund's principal place of business is 1950 West Erie, Chicago, Illinois.

7. Defendant, Central States Joint Board Health and Welfare Trust Fund (hereinafter "Health and Welfare Trust Fund"), is an employee benefit welfare plan and a fiduciary under ERISA and COBRA. The Health and Welfare Trust Fund's principal place of business is 1950 West Erie, Chicago, Illinois

**JURISDICTION AND VENUE**

8. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. Venue is proper in this court under 28 U.S.C. §1391(b) as all Defendants reside in this judicial circuit and the

actions giving rise to this claim occurred in this judicial circuit.

9. The Defendants' practices in violation of the ADA and ADEA occurred with respect to Plaintiff from on or about December, 2001 to present. On August 12, 2002, Plaintiff filed two (2) charges with the Equal Employment Opportunity Commission (hereinafter "EEOC") located in Chicago, Illinois complaining of Defendants' practices. The charges were filed within 300 days of the occurrence of the unlawful employment practices.

10. The EEOC issued two (2) notices of the right to sue on February 28, 2003. On or about March 3, 2003, Plaintiff received both notices which gave Plaintiff the right to institute a civil action within ninety (90) days. Copies of said notices are attached hereto and made a part hereof as Exhibits "A" and "B" respectively.

**FACTS**

11. Hernandez began working for Autorad (also referred to as Standard Refrigeration) on March 17, 1957. His most recent position was as a receiving clerk/truck driver. At all times relevant, he performed his job consistent with all legitimate expectations of his employer.

12. In December, 2001, Hernandez required knee surgery due to chronic problems with his ligaments. His physician certified that he was unable to work at that time as a receiving clerk/truck driver.

13. On or about December 10, 2001, Hernandez notified Jeff Levin (hereinafter "Levin"), the president of Autorad, that he was unable to work at that time as a receiving clerk/truck driver due to the condition of his knee.

14. Autorad never engaged in any interactive process to determine if Hernandez' condition could be accommodated.

15. On December 14, 2001, Levin told Hernandez that Autorad had no jobs for him and that he could not return to work.

16. Hernandez requested disability benefits from Levin but never received them.

17. As of December 14, 2001, Hernandez was terminated.

18. At all times relevant herein, Hernandez was a union member of Metal Processors Union Local 16 ("Local 16"). Local 16 is managed and controlled by the Central States Joint Board ("CSJB").

19. On December 17, 2001, Hernandez went to the CSJB union hall and spoke with Benny Castro (hereinafter "Castro"), his union representative. Hernandez orally lodged a grievance with Castro. Castro then told Hernandez to call him to follow-up. Hernandez called Castro numerous times and left messages. He also left notes for Castro with the receptionist of the CSJB.

20. On January 17, 2002, Hernandez again went to the CSJB union hall. He spoke with Castro and asked him why he did not return his calls. Castro stated that he was busy with a strike involving another company. Castro then said that he would later contact Hernandez regarding the grievance.

21. On June 28, 2002, Hernandez met with Castro and Phil Lucas, a plant manager at Autorad. Hernandez was told to sign a sheet of paper stating that he voluntarily resigned as of December 25, 2001. He was told he must retire and would not receive disability or insurance benefits.

22. Beginning December 14, 2001, Hernandez should have been entitled to disability benefits through the Autorad Group Short Term Disability Insurance Plan and/or the Autorad Sickness and Accident Plan. Hernandez never received said benefits.

23. Even assuming, *arguendo*, that Hernandez' termination on December 14, 2001 constituted "retirement," he would have been entitled to a pension from the Midwest Pension Fund. Hernandez never received said pension.

24. As of approximately December 14, 2001, Hernandez lost his health insurance benefits. Hernandez was eligible for health insurance through the CSJB Health and Welfare Trust Fund, as either an active employee, disabled employee, or as a retiree. Hernandez never received notice of his rights to continue health insurance coverage pursuant to COBRA.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")

1-24. Plaintiff incorporates Paragraphs 1 through 24 as Paragraphs 1 through 24 herein.

25. Hernandez was disabled within the meaning of the ADA.

26. Autorad refused to participate in any interactive process in order to accommodate Hernandez' disability.

27. Hernandez was terminated because of his disability.

28. Autorad's termination of Hernandez constitutes discrimination under the ADA. Said discrimination was intentional and with reckless indifference to the rights of Hernandez.

29. The CSJB and Local 16's treatment of Hernandez constitutes discrimination under the ADA. Said discrimination was intentional and with reckless indifference to the rights of Hernandez.

30. As a result of the discrimination, Hernandez suffered and continues to suffer pecuniary and non-pecuniary losses.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Standard Refrigeration Company Inc., Autorad, Inc., Central States Joint Board, and Metal Processors Local 16, that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

1-30. Plaintiff incorporates Paragraphs 1 through 31 as Paragraphs 1 through 30 herein.

31. Autorad's termination of Plaintiff constitutes discrimination under the ADEA. Said discrimination was intentional and with reckless indifference to the rights of Hernandez.

32. The CSJB and Local 16's treatment of Plaintiff constitutes discrimination under the ADEA. Said discrimination was intentional and with reckless indifference to the rights of Hernandez.

33. As a result of his termination, Hernandez suffered and continues to suffer pecuniary and non-pecuniary losses.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Standard Refrigeration Company Inc., Autorad, Inc., Central States Joint Board, and Metal Processors Local 16, that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT III**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")**
**(REGARDING DISABILITY BENEFITS)**

1-33. Plaintiff incorporates Paragraphs 1 through 33 as Paragraphs 1 through 33 herein.

34. Autorad established the Autorad, Inc. Autorad Inc. Group Short Term Disability Insurance Plan whereby Hernandez was eligible for short term disability and/or sickness benefits. The benefit plan is subject to the provisions of ERISA.

35. Hernandez was wrongfully denied short term disability and/or sickness benefits.

36. Hernandez was terminated with the intent of interfering with his rights to said benefits under 29 U.S.C. §1140.

37. Autorad and Autorad Inc. Group Short Term Disability Insurance Plan were fiduciaries under 29 U.S.C. §1132.

38. Autorad and Autorad Inc. Group Short Term Disability Insurance Plan breached the fiduciary duty owed to Hernandez and as a result he suffered certain losses.

39. Autorad and Autorad Inc. Group Short Term Disability Insurance Plan failed to give adequate notice to Hernandez as to why he was denied short term disability income pursuant to 29 U.S.C. §1133.

40. Defendants' conduct was intentional, malicious and willful as the Defendants knew, or should have known, that their conduct violated the provisions of ERISA.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Standard Refrigeration Company Inc., Autorad, Inc., and Autorad Inc. Group Short Term Disability Insurance Plan, that this Honorable Court:

A. Enjoin Defendants' continuing unlawful practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT IV**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")**
**(REGARDING PENSION BENEFITS)**

1-40. Plaintiff incorporates Paragraphs 1 through 40 as Paragraphs 1 through 40 herein.

41. The Central States Joint Board, and/or Metal Processors Union Local 16 and the Midwest Pension Fund established a benefit plan whereby Hernandez was a eligible for a pension upon his retirement. The benefit plan is subject to the provisions of ERISA.

42. Hernandez was wrongfully denied the pension to which he was entitled.

43. The CSJB, Local 16 and Midwest Pension Fund, by their inaction, ratified Hernandez' termination with the intent of interfering with his rights to said benefits under 29 U.S.C. §1140.

44. The CSJB, Local 16 and the Midwest Pension Fund were fiduciaries under 29 U.S.C. §1132.

45. The CSJB, Local 16 and the Midwest Pension Fund breached the fiduciary duty owed to Hernandez and as a result he suffered certain losses.

46. The CSJB, Local 16 and the Midwest Pension Fund failed to give adequate notice to Hernandez as to why he was denied his pension pursuant to 29 U.S.C. §1133.

47. Defendants' conduct was intentional, malicious and willful as the Defendants knew, or should have known, that the conduct violated the provisions of ERISA.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Central States Joint Board, Metal Processors Union Local 16 and the Midwest Pension Fund, that this Honorable Court:

A. Enjoin Defendants' continuing unlawful practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just

for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT V**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA") AND CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT ("COBRA") (REGARDING HEALTH INSURANCE BENEFITS)**

1-47. Plaintiff incorporates Paragraphs 1 through 47 as Paragraphs 1 through 47 herein.

48. Autorad, the CSJB, Local 16 and the CSJB Health and Welfare Trust Fund established a benefit plan whereby Hernandez was eligible for health insurance benefits. The benefit plan is subject to the provisions of ERISA.

49. Hernandez was wrongfully denied health insurance benefits. Hernandez' was terminated, and his termination was ratified, with the intent of interfering with his rights to said benefits under 29 U.S.C. §1140.

50. Autorad, the CSJB, Local 16 and the CSJB Health and Welfare Trust Fund were fiduciaries under 29 U.S.C. §1132.

51. Autorad, the CSJB, Local 16 and the CSJB Health and Welfare Trust Fund breached the fiduciary duty owed to Hernandez and as a result he suffered certain losses.

52. Autorad, the CSJB, Local 16 and the CSJB Health and Welfare Trust Fund failed to give adequate notice to Hernandez as to why he was being denied benefits pursuant to 29 U.S.C. §1133.

53. Autorad, the CSJB, Local 16, and the CSJB Health and Welfare Trust Fund failed to provide continued health insurance coverage and proper notice pursuant to COBRA, 29

U.S. C. §1161 through §1169.

54. Defendants' conduct was intentional, malicious and willful as the Defendants knew, or should have known, that the conduct violated the provisions of ERISA and COBRA.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Standard Refrigeration Company, Inc., Autorad, Inc., the Central States Joint Board, Metal Processors Local 16 and the Central States Joint Board Health and Welfare Trust Fund, that this Honorable Court:

A. Enjoin Defendants' continuing unlawful practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT VI**
**FAMILY MEDICAL LEAVE ACT ("FMLA")**

1-54. Plaintiff incorporates Paragraphs 1 through 54 as Paragraphs 1 through 54 herein.

55. Autorad's conduct constitutes a violation of the Family Medical Leave Act.

56. As a result of Autorad's conduct, Hernandez suffered certain losses.

57. Autorad's conduct was intentional, malicious and willful as it knew, or should have known, that the conduct violated the provisions of the FMLA.

WHEREFORE, your Plaintiff, Manual Hernandez, respectfully requests with respect to Defendants Standard Refrigeration Company, Inc., and Autorad, Inc., that this Honorable Court:

A. Enjoin Defendants' continuing unlawful employment practices;

B. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for back-pay, back benefits, and compensatory damages;

C. Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D. Award Plaintiff reasonable attorneys' fees and costs;

E. For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

One of attorneys for Plaintiff

Date: May 29, 2003

AVERY CAMERLINGO KILL, LLC
Attorneys for Plaintiff
218 N. Jefferson St., Suite 200
Chicago, Illinois 60661
312-648-9707
#6229587

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Manuel Hernandez
2700 Sarah Street
Franklin Park, IL 60131

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

Certified No.: 7001 0360 0000 0463 1962 CP Atty.

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A204459 | Nanisa Pereles, Investigator | (312) 353-8739 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) ______________________

**- NOTICE OF SUIT RIGHTS -**

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ X ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

2-28-03

John P. Rowe

John P. Rowe, District Director

Enclosures
Information Sheets
Copy of Charge
cc: Respondent(s)

Standard Refrigeration/Auto RAD

EEOC Form 161 (Test 5/95)

EXHIBIT
A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 210A204459

Illinois Dept. of Human Rights and EEOC
*State or local Agency, if any*

| | | |
|---|---|---|
| NAME *(Indicate Mr., Ms., Mrs.)* Mr. Manuel Hernandez | HOME TELEPHONE *(Include Area Code)* (847) 455-7472 | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE: 2700 Sarah St, Franklin Park, IL 60131 | | DATE OF BIRTH 11/28/1936 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Standard Refrigeration/Auto RAD | Cat B (101-200) | (708) 345-5400 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE: 2050 N. Ruby, Melrose Park, IL | | COUNTY |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [X] AGE [X] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 12/14/2001 *LATEST* 07/01/2002
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

On or about March 17, 1957, I began working for the Respondent. My most recent position is Receiving Clerk/Truck Driver. In October 2001, I informed the Respondent that of my intentions to retire at the end of December 2001. On or about December 10, 2001, I informed the Respondent that I needed knee surgery and will postpone my retirement. On December 14, 2001, I was informed by Respondent Owner and President, Jeff Lewin, that there were no jobs for me and that I must retire. I filed a grievance with the Union and currently have not been able to obtain disability and insurance benefits. In July 2002, I was told by the Union Representative, Benny Castro and Plant Manager, Phil Lucas that I must retire and that I would not get disability benefits.

I believe that I am being discriminated against because of my disability, in violation of the Americans with Disability Act and age, 65 (d.o.b. 11/28/1936) in violation of the Age Discrimination in Employment Act of 1967.

AUG 12 2002

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

8-12-02 — Manuel Hernandez
Date — Charging Party *(Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

FILE COPY

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Manuel Hernandez
2700 Sarah Street
Franklin Park, IL 60131

Certified No.: 7001 0360 0000 0463 1924 CP Atty.

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A204460 | Nanisa Pereles, Investigator | (312) 353-8739 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) ______

**- NOTICE OF SUIT RIGHTS -**

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ X ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

2-28-03

On behalf of the Commission

John P. Rowe

John P. Rowe, District Director

Enclosures
Information Sheets
Copy of Charge

cc: Respondent(s) Central State Joint Board Local 16

EEOC Form 161 (Test 5/95)

EXHIBIT
3

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 210A204460

Illinois Dept. of Human Rights and EEOC
*State or local Agency, if any*

NAME (Indicate Mr., Ms., Mrs.): Mr. Manuel Hernandez

HOME TELEPHONE (Include Area Code): (847) 455-7472

STREET ADDRESS / CITY, STATE AND ZIP CODE: 2700 Sarah St, Franklin Park, IL 60131

DATE OF BIRTH: 11/28/1936

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Central States Joint Board Local 16 | Cat B (101-200) | (312) 738-0822 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1950 W. Erie, Chicago, IL 60622 | 031 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [X] AGE [X] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE: EARLIEST / LATEST 07/01/2002
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I am employed by Standard Refrigeration/Auto RAD as a Receiving Clerk/Truck Driver. In December 2001, I became disabled and informed my employer. The employer's owner, Jeff Lewin, told me that I must retire and that there were no jobs available for me. I filed a grievance with the Respondent against my employer and the Respondent has consistently failed to represent me. I have made repeated phone calls that have been ignored. In July 2002, a union official Benny Castro and the employer Plant Manager, Phil Lucas, informed me that I must retire and that I would not obtain disability and insurance benefits.

I believe that I have been discriminated against because of my age, 65 (d.o.b. 11/28/1936) in violation of Age Discrimination in Employment Act ~~of 1967 and because of my disability in violation of the Americans with~~ Disabilities Act of 1990.

AUG 12 2002

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

8-12-02 Manuel Hernandez

Date Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

FILE COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
MAY 3 0 200

**Civil Cover Sheet**

Plaintiff(s): **MANUEL HERNANDEZ**

**Defendant(s):STANDARD REFRIGERATION COMPANY, INC., AUTORAD INC., AUTORAD INC. GROUP SHORT TERM DISABILITY INSURANCE PLAN, CENTRAL STATES JOINT BOARD, METAL PROCESSORS UNION LOCAL 16, MIDWEST PENSION FUND, and CENTRAL STATES JOINT BOARD HEALTH AND WELFARE TRUST FUND,**

JUDGE RONALD GUZMAN

County of Residence: Cook

County of Residence:

Plaintiff's Atty: Annemarie E. Kill
Avery Camerlingo Kill, LLC
218 N. Jefferson St., #200,
Chicago , IL 60661

Defendant's Atty:

MAGISTRATE JUDGE BOBRICK

**03C 3663**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

FILED-EDS
03 MAY 29 PM 2:29
CLERK
U.S. DISTRICT COURT

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **Americans with Disabilities Act, 42 USC 12101 et. seq., Age Discrimination in Employment Act, 29 USC 621 et. seq., Employee Retirement Income Security Act and Consolidated Omnibus Budget Reconciliation Act, 29 USC 1002 et. seq., Family Medical Leave Act, 29 USC 2601 et. seq. Plaintiff was discriminated against due to his age and disability and was further denied disability benefits, pension benefits and health insurance benefits.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **1,000,000**
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** Annemarie E. Kill

**Date:** 5-29-03

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE BOBRICK

In the Matter of

MANUEL HERNANDEZ,
v.
STANDARD REFRIGERATION COMPANY, INC.,
et.al.

Case Number: 03C 3663

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MANUEL HERNANDEZ

DOCKETED
MAY 3 0 2003

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE [signature] | |
| NAME Annemarie E. Kill | | NAME Mary Katherine Avery | |
| FIRM Avery Camerlingo Kill, LLC | | FIRM same as "A" | |
| STREET ADDRESS 218 N. Jefferson St. #200 | | STREET ADDRESS | |
| CITY/STATE/ZIP Chicago, IL 60661 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 312-648-9707 | FAX NUMBER 312-648-9713 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS akill@averycamerlingokill.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6229587 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6215717 | |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☑ | |
| TRIAL ATTORNEY? YES ☑ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☑ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |
| (C) | | (D) | |
| SIGNATURE [signature] | | SIGNATURE | |
| NAME Pepi Camerlingo | | NAME | |
| FIRM same as "A" | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6228954 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☑ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

FILED-ED5
03 MAY 29 PM 2:29
CLERK
U.S. DISTRICT COURT

13